O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTHA JO PETERS, | ) ) | Case Nos. |
| Plaintiff, | ) ) | **EDCV 13-01628-VAP (OPx)** |
| v. | ) ) | EDCV 13-01022-R (SPx) |
| EMPLOYMENT DEVELOPMENT DEPT. OF CALIFORNIA; et al., | ) ) ) ) ) | **ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION OF ORDER DECLARING HER TO BE A VEXATIOUS LITIGANT** |
| Defendants. | ) ) | |
| | | **[Motion filed on March 16, 2015]** |

On March 16, 2015, Plaintiff Martha Jo Peters ("Peters") filed an "Equitable Motion to Void Ab Initio and to Vacate the Two Orders Declaring the Plaintiff a Vexatious Litigant and Dismissing Her Complaints" ("Motion").[1]  (Doc. No. 49.)  The Motion is sixty-four pages, with exhibits, expressing Peters's dissatisfaction

---

[1] Though Peters's Motion bears the case number "EDCV-13-1022-R(SPx)," because the Motion seeks reconsideration of the order declaring her to be a vexatious litigant, which was entered in the case number EDCV 13-01628-VAP (OPx), the Motion is properly before the undersigned.

1  with being declared a vexatious litigant in state and
2  federal court, and describing various alleged
3  conspiracies — perpetrated by Rupert Murdoch, California
4  Attorney General Kamala Harris, and judicial officers of
5  Riverside and San Bernardino Superior Courts — to deprive
6  her of her rights.

   In sum, the Motion again requests the Court
reconsider its previous order declaring her to be a
vexatious litigant.  Moreover, she also requests the
Court vacate an order of the California Superior Court
declaring her to be a vexatious litigant.

   The Court lacks the jurisdiction to do the latter and
Peters has set forth no basis for it to do the former.
The Court denied a similar motion for reconsideration of
the vexatious litigant order on February 20, 2014.  (Doc.
No. 38.)

> A motion for reconsideration must do two things.
> First, it must demonstrate some reason why the
> court should reconsider its prior decision.
> Second, it must set forth facts or law of a
> strongly convincing nature to induce the court
> to reverse its prior decision.  Courts have
> distilled three major grounds justifying
> reconsideration: (1) an intervening change in
> controlling law; (2) the availability of new
> evidence; and (3) the need to correct clear
> error or prevent manifest injustice.

All Hawaii Tours, Corp. v. Polynesian Cultural Ctr., 116
F.R.D. 645, 649 (D. Haw. 1987) rev'd on other grounds,

1  855 F.2d 860 (9th Cir. 1988); In re Agric. Research &
2  Tech. Grp., Inc., 916 F.2d 528, 542 (9th Cir. 1990)
3  ("Motions for reconsideration may properly be denied
4  where the motion fails to state new law or facts.").

6      While Peters's Motion does contain a lengthy
7  assortment of new allegations, none of those facts are
8  germane to the underlying action or her Motion.
9  Accordingly, the Court DENIES the Motion.  The order
10 declaring Peters to be a vexatious litigant remains in
11 place.

13 **IT IS SO ORDERED.**

16 Dated:  March 24, 2015
                                  _____
17                                      VIRGINIA A. PHILLIPS
                                  United States District Judge

3